UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. HARRIS,<br><br>　　　　　　Plaintiff,<br>v.<br><br>A. BUENO; B. BLIGH; CITY OF SAN DIEGO,<br><br>　　　　　　Defendants. | Case No. 10cv450-BTM (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF. No. 11] |

　　　　By motion dated August 19, 2010, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, requests that this Court appoint counsel to assist him. ECF No. 11. In support of his motion, Plaintiff states that he requires counsel because: (1) this is a factually complex case that will require extensive discovery and expert witnesses, (2) he has been moved to a different institution and is in segregation and, therefore, is unable to investigate facts and interview witnesses, (3) there is conflicting testimony in the case, (4) he is indigent, has no legal training, and has limited access to legal materials, (5) this is a legally complex case, (6) he has an unspecified physical disability that would make it difficult for him to present his case, and (7) he is likely to succeed on the merits. Id. at 1-2, 11-1 at 2-5. For the following reasons, Plaintiff's motion is **DENIED**.

　　　　The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc.

Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel. In addition to the instant motion, he has submitted a complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), and a previous motion for appointment of counsel (ECF No. 3). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. The Court previously denied Plaintiff's request for counsel, see ECF No. 4, and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331. Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

DATED: September 1, 2010

BARBARA L. MAJOR
United States Magistrate Judge